IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| ALPINE LANDSCAPE SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, ALPINE LANDSCAPE SERVICES, INC., and alleges as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1145.

2. The Plaintiff is an employee benefit plan administered pursuant to the terms and provisions of a Restated Agreement and Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §§1001 *et seq.* The address and place of business of the Railroad Maintenance and Industrial Health and Welfare Fund is 2725 West Monroe Street, Springfield, Illinois, 62704.

3. The Defendant, ALPINE LANDSCAPE SERVICES, INC., is an Employer engaged

1

in an industry within the meaning of ERISA, 29 U.S.C. §§1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by, Operating Engineers Local 150, and said individuals are participants in the Fund, pursuant to the Landscaping Memorandum of Agreement by and between the Operating Engineers Local 150 and Defendant. The Landscaping Memorandum of Agreement is attached hereto and made a part hereof as **Exhibit A**.

4. The Defendant's address is 11932 Spaulding School Drive, Plainfield, Illinois 60544.

5. Pursuant to ERISA, 29 U.S.C. §1145, the Defendant is required to make contributions to the Fund in accordance with the terms and conditions of the Restated Agreement and Declaration of Trust of the Railroad Maintenance and Industrial Health and Welfare Fund. The Restated Agreement and Declaration of Trust, in pertinent part, is attached hereto and made a part hereof as **Exhibit B.**

6. Pursuant to Article IV, Section 4.8 Report on Contributions and Production of Records, of the Restated Agreement and Declaration of Trust of the Railroad Maintenance and Industrial Health and Welfare Fund, the Trustees may, on reasonable notice, have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

7. That Article IV, Section 4.4 Collection and Enforcement of Payments, of the Restated Agreement and Declaration of Trust provides that the Trustees of the Welfare Fund shall be entitled to institute any appropriate action, including legal action, to remedy an Employer's failure to properly make payment to the Fund.

8. That Plaintiff has made demand upon the Defendant to permit an audit for the period of April 1, 2003, through current, but Defendant has refused to satisfy said demand. Such demand

is attached hereto and incorporated herein as Plaintiff's **Exhibit C**.

9. That Plaintiff is entitled to reasonable attorney fees in the amount of $2,245.00 pursuant to Article IV, Section 4.8 Report on Contributions and Production of Records, of the Restated Agreement and Declaration of Trust of the Railroad Maintenance and Industrial Health and Welfare Fund and ERISA, 29 U.S.C. §1132(g)(2). Attached hereto and incorporated herein as **Exhibit D** is the Affidavit of James P. Moody in support of his request for attorney fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A. That an account be taken by the Plaintiff as to wages received and hours worked by Defendant's employees from April 1, 2003, through current, to determine amounts required to be paid by the Defendant to the Plaintiff;

B. That Defendant be decreed to pay to the Plaintiff all such monies determined by the audit, interest and statutory remedies, for all contributions due and owing at the time judgment is entered;

C. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiff, particularly to furnish to the Plaintiff the required contribution reports and payments, or in lieu thereof, a statement covering the period for which said reports are required that Defendant had no employees for whom contributions are required to be made;

D. That Defendant be decreed to pay all costs to audit Defendant's payroll books and records as required by the Restated Agreement and Declaration of Trust;

E. That Defendant be decreed to pay to Plaintiff its reasonable attorney fees in the amount of $2,245.00, as provided by ERISA, 29 U.S.C. §1132(g)(2) and the Restated

Agreement and Declaration of Trust; and

  F. That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

            RAILROAD MAINTENANCE AND INDUSTRIAL
            HEALTH AND WELFARE FUND,  Plaintiff,


       By:    s/ James P. Moody
            JAMES P. MOODY
            **CAVANAGH & O'HARA**
            Attorney for Plaintiff
            407 East Adams Street
            Post Office Box 5043
            Springfield, IL 62705
            Telephone: (217) 544-1771
            Facsimile: (217) 544-5236
            jim@cavanagh-ohara.com

F:\files\RAILROAD\Alpine Landscape\C-Alpine.AUD.2wpd.wpd

(815) 439-5747
FAX (815) 439-5748
3:06-cv-03096-RM-CHE #1-2    Page 1 of 1

E-FILED
Friday, 26 May, 2006 10:18:47 AM
Clerk, U.S. District Court, ILCD

DEC 04 200?

# LANDSCAPING
# MEMORANDUM OF AGREEMENT

THIS AGREEMENT made and entered into by and between **ALPINE LANDSCAPING IN** 11932 SPAULDING SCHOOL DR PLAINFIELD, IL 60544, its successors and assigns, hereinafter referred to as the EMPLOYER, First Party, and LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, Second Party.

THIS AGREEMENT is made in consideration of the instant promises of the First and Second Parties and the parties do hereby agree as follows:

1. THE EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER was presented and reviewed valid written evidence of the UNION's exclusive designation as bargaining representative by the majority of appropriate bargaining unit employees of EMPLOYER.

2. The Parties agree that the EMPLOYER is part of a single bargaining unit made up of all employers party to the Master Agreement adopted herein.

3. The Parties do hereby adopt the Master Agreement effective **12/1/99** entered into between the UNION and the **NORTHERN ILLINOIS LANDSCAPE CONTRACTORS (ILLINOIS AND INDIANA LANDSCAPE CONTRACTORS LABOR AGREEMENT)** and the parties do hereby mutually agree to be bound by the terms and conditions of the Master Agreement and the Agreement and Declaration of Trust of the Railroad Maintenance and Industrial Health and Welfare Fund (Health and Welfare Fund) and the Agreement and Declaration of Trust of the Midwest Operating Engineers Pension Trust Fund and all amendments heretofore or hereafter made thereto, as though the same were fully incorporated herein. The EMPLOYER acknowledges that he has received a copy of the aforesaid Master Agreement, that he has reviewed same, and that he is aware of the obligations arising thereunder.

4. This Agreement and the adoption of the Master Agreement and Agreement and Declaration of Trusts referred to in paragraph 3 above shall be effective as of **4/01/03** and remain in effect to and including the expiration date of the Master Agreement adopted herein. This Agreement shall continue in effect from year to year thereafter and specifically adopt any Master Agreement entered into between the UNION and **NORTHERN ILLINOIS LANDSCAPE CONTRACTORS** subsequent to the expiration date of the Master Agreement herein adopted unless notice of termination or amendment is given in the manner provided herein.

5. Either party desiring to amend or terminate this Memorandum of Agreement must notify the other in writing at least three (3) months prior to the expiration of the Master Agreement adopted herein.

IN WITNESS WHEREOF, the Parties have executed this Memorandum of Agreement the **2ND** day of **DECEMBER**, 20**02**.

**ALPINE LANDSCAPING INC.**
Employer

By: _____

PRESIDENT
Title

DAVE CALE

LOCAL 150, INTERNATIONAL UNION
OF OPERATING ENGINEERS, AFL-CIO

By: William E. Dugan

Steven M. Cisco

Carlos Villalpando

Below this line for office u[se]

| | | |
|---|---|---|
| NO: | Fringe Benefits - Unincorporated Owner/Ope[rator] | |
| X YES: | Fringe Benefits - Bargaining Unit Employee | |
| YES: | Fringe Benefits - Employee Qualified Under | |

**EXHIBIT A**

Office Copy

RESTATED AGREEMENT
AND
DECLARATION OF TRUST

OF THE

RAILROAD MAINTENANCE AND INDUSTRIAL
HEALTH AND WELFARE FUND

Adopted: January 18, 1996

EXHIBIT
B

ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 4.1  Employer Contributions.

(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b) Contributions to the Fund shall be paid to the Trustees or to such depository as the trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Trustees of the Railroad Maintenance and Industrial Health and Welfare Fund. The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c) Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. The Association or any other employers association or group shall not be responsible for the contributions, payment or other obligations of any other Employer, or otherwise.

Section 4.2  Employee Contributions. Participants (i) who cease to perform work for an Employer for which work Employer contributions were required to be paid to this Fund as provided in Section 4.1 of this Article, and (ii) who, at the time they last performed such work, had been eligible and qualified to receive benefits under the plan of benefits established by the Trustees under this Fund, and (iii) who are members of such a class of such Participants as to whom the Trustees,

16

consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class, shall make periodic contributions or payments to the Trust Fund in such amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.

Section 4.3  Receipt of Payment and Other Property of Trust. The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 4.4  Collection and Enforcement of Payments. The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purpose.

17

Section 4.5  Late Payments.  The Trustees may require the payment by Employers of liquidated damages at the rate of ten percent (10%) of the balance due or as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees and of other costs and expenses (such as without limitation, attorneys' fees, filing fees and cost of service of papers and all audit costs incurred by the Trustees and arising out of the collection of such Employer's delinquent contributions.  Non-payment, by any Employer, of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

Section 4.6  Production of Records.  Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose.  The Trustees and the insurance carrier, when so authorized by the Trustees, may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance.  The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.7  Conduct of Trust Business.  The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with the Trust Agreement and applicable law.  The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto.  The Trustees

may, in the course of conducting the business of the Trust, execute all instruments in the name of the Railroad Maintenance and Industrial Health and Welfare Fund, which instruments shall be signed by at least one Employer and one Employee Trustee, with the exception of benefit claim checks which any two (2) Trustees may execute; provided, however, any one Trustee may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

Section 4.8  Report on Contributions and Production of Records. The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Welfare Plan. The Trustees may, on reasonable notice, have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the fund forward unless given written authorization by the Administrator. Upon request to destroy said records, or in the absence of said authorization, said records must be kept for 10 years. The Trustees shall require the Employer to designate the classification of all of his employees and if the employer fails to do so, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a substantial difference between hours actually worked and an employee's hours reported to the Trust by his Employer, or where the matter has been referred to Fund Counsel for collection or to obtain an audit, regardless of whether the audit discloses a delinquency, the Employer must pay the cost of the audit. Furthermore, where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of the report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent a personal liability for owners or partners who are not otherwise incorporated.

In addition, the delinquent contributions shall bear interest up to the prime rate of interest as recognized by the First National Bank of Springfield, (or its successor Bank), or such other lawful amount as determined by the Trustees from the due date until totally satisfied.

In the event an Employer party to this Trust Agreement or otherwise bound thereby becomes delinquent in his contributions and the Trustees place the account in the hands of legal counsel for collection, said delinquent Employer shall be liable for reasonable attorney's fees and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. "Reasonable attorney's fees" as used herein shall mean: All reasonable attorney's fees in the amounts for which the Trustees become legally obligated including recovery of liquidated damages, audit costs, filing fees and any other expenses incurred by the Trustees.

# CAVANAGH & O'HARA
### Attorneys At Law

407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody

John T. Long
Britt W. Sowle

Of Counsel
Michael J. Masterson, P.C.

*Swansea Office*
1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Telefax (618) 222-6755

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 629-3141
Telefax (312) 855-0445

April 26, 2006

***Via Certified & Regular Mail***
Alpine Landscaping, Inc.
**Attn: Peter Vogel, Registered agent**
416 E. Roosevelt Road, Suite 105
Wheaton, IL 60187-5200

Re: **Railroad Maintenance and Industrial Health & Welfare Fund Payroll Compliance Audit**

Dear Mr. Vogel:

Please be advised, this firm represents the Railroad Maintenance and Industrial Health & Welfare Fund. As such, we have been notified that your company has failed to comply with a payroll audit as provided for under the provisions of the Illinois and Indiana Landscape Contractors Labor Agreement.

Romolo & Associates have been engaged by the Trustees to conduct an examination of your payroll records and employers contribution reports for the period of April 1, 2003 through current. The following is a list of the records the auditor will need in order to complete the payroll compliance audit:

1. Payroll journals;
2. Individual earnings and time records on all employees;
3. Annual earnings reports (W-2 and W-3);
4. Quarterly employer's federal withholding and FICA tax returns (Forms 941);
5. Quarterly employer's contribution and wage reports for state unemployment compensation (Forms UI-3);
6. Employer's copies of monthly contributions reports to the Fund;
7. All pertinent personnel file information;
8. Case disbursement records;
9. Payments to subcontractors (Forms 1096 and 1099);
10. Most recent Union contract; and
11. Federal income tax returns.


EXHIBIT C

Alpine Landscaping, Inc.
April 26, 2006
Page 2

    Please contact this office on or before May 8, 2006, with respect to scheduling a payroll audit of your company. Failure to do so will leave us no other alternative than to file formal legal proceedings to compel same.

    Please govern yourself accordingly.

                                      Very truly yours,

                                      [SIGNATURE REDACTED-PJR]

                                    Patrick J. O'Hara
                                    Attorney at Law

cc:    Railroad Maintenance & Industrial Health & Welfare Fund/Dora Crenshaw
       Michelle Shadid/Romolo & Associates
       David Cale, Inc., via certified & regular mail

E-FILED
Friday, 26 May, 2006 10:19:15 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| ALPINE LANDSCAPE SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

### AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES

I, JAMES P. MOODY, having first been duly sworn on oath, state that the following itemization accurately represents the time and costs expended by this firm in this cause:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 09/01/04 | Received and reviewed correspondence from Fund Office regarding lack of compliance with audit scheduling; Letter to employer demanding compliance, via certified and regular mail. | 0.50 |
| 09/14/04 | Received and reviewed returned certified mail indicating move with no forwarding order. | 0.10 |
| 09/15/04 | Preparation of correspondence to Michelle Shadid of Romolo and Associates regarding audit scheduling; Telephone conference with Michelle Shadid regarding audit not yet scheduled. | 0.10 |
| 09/16/04 | Preparation of final notice to employer regarding compliance with audit scheduling, via certified and regular mail; Research corporate status; Transmittal of copy of correspondence to listed Registered Agent, Peter Vogel. | 0.50 |
| 09/27/04 | Telephone conference with Romolo and Associates regarding status of audit scheduling; Employer has still not been in contact; Transmittal of correspondence to Dora Crenshaw at Fund Office regarding further handling. | 0.15 |

1


EXHIBIT D

| Date | Description | Hours |
|---|---|---|
| 09/29/04 | Receipt and review of correspondence from Dora Crenshaw indicating no contact by employer and authorization to file suit; Preparation of draft Complaint to compel an audit; Preparation of draft Affidavit in Support of Attorney's Fees; Telephone conference with Will County Sheriff regarding fee for service of Complaint. | 1.50 |
| 10/01/04 | Preparation of revisions to Complaint; Finalize Complaint and Affidavit in Support of Attorney's Fees; Preparation of Summons, Civil Cover Sheet, Certificate of Interest; Assembly of exhibits; Transmittal of same via email to U.S. District Court for filing of new case. | 1.50 |

**TOTAL HOURS 4.35 x $60.00 PER HOUR** — **$261.00**

| Date | Description | Hours |
|---|---|---|
| 10/05/04 | Received and reviewed issued Summons; letter to Will County Sheriff regarding service of Summons and Complaint. | .30 |
| 10/13/04 | Received and reviewed unclaimed certified mail from employer and Refused certified mail from listed Registered Agent, Peter Vogel. | .10 |
| 11/03/04 | Received and reviewed Return of Summons, non-executed, as no contact Was able to be made; research different address for David Cale and Alpine Landscaping; locate address and phone number; preparation of Alias Summons; travel to and return from U.S. District Court for issuance of same; transmittal of non-executed Summons to U.S. District Court via e-file; letter to Will County Sheriff regarding service of Alias Summons and Complaint. | 1.50 |
| 12/20/04 | Received and reviewed return of Alias Summons, non-executed; Telephone conference with Fund Office regarding need for home address or current work site; telephone conference with Carlos Villalpando; discussion regarding his inability to locate Defendant and dissolution of partnership; left message on Alpine's phone for David Cale in attempt to contact. | .40 |
| 12/22/04 | Telephone conference with Dave Cale regarding audit; discussion regarding non-bargaining work and "no work" reports submitted; Discussion regarding "canceling" contract; telephone conference with Angel at local regarding contract status; left message for Dave Cale regarding "close-out" audit. | .35 |
| 01/03/05 | Review file; Defendant has failed to re-contact in regard to audit scheduling; research private process server near Plainfield; telephone conference with Jeff Jones of Five Star Detective Agency regarding status and service of Complaint; preparation of Second Alias Summons including work phone and cell numbers; travel to and return from U.S. District Court for issuance of same; transmittal of non-executed Summons to U.S. District Court via e-file; letter to Private Process Server Jeff Jones regarding service of Second Alias Summons and Complaint. | 1.50 |

| Date | Description | Hours |
|---|---|---|
| 01/06/05 | Received and reviewed notice from Court regarding Second Alias Summons issued. | .10 |
| 03/08/05 | Received and reviewed Text Order from Court regarding filing Status Report with regard to service of Complaint; transmittal of correspondence to Private Process Server Jeffrey James regarding same. | .30 |
| 03/14/05 | Review file; begin preparation of Status Report per Court's Order of March 8; left message for private process server re status. | 1.00 |
| 03/21/05 | Review file; preparation of Notice of Voluntary Dismissal Without Prejudice due to inability to locate and serve Defendant; transmittal of copy of same to last known address of Defendant; transmittal of same to Court via e-file. | 1.00 |

**TOTAL HOURS 6.55 x $90.00 PER HOUR**     **$589.50**

| Date | Description | Hours |
|---|---|---|
| 03/27/06 | Review file; review of Secretary of State records for status of corporation; preparation of demand letter. | .90 |
| 04/11/06 | Review file regarding status; final notice to company via certified and regular mail; update Status Report. | .70 |
| 04/25/06 | Received and reviewed returned certified mail - unable to forward; research current address; resend final demand letter via certified and regular mail; calendar response; update Delinquency Status Report. | 1.30 |
| 05/04/06 | Received and reviewed correspondence from Peter Vogel indicating he no longer represents Defendant; preparation of Complaint, Civil Cover Sheet; Certificate of Interest and Summons; assemble exhibits. | 1.50 |
| 05/04/06 | Preparation of Affidavit in Support of Attorney Fees. | 1.00 |
| 05/04/06 | Telephone conference with Will County Sheriff's Department regarding service fee for Summons and Complaint. | .10 |
| 05/17/06 | Final review of Complaint with exhibits, Civil Cover Sheet, Certificate of Interest, Summons. | .40 |
| 05/18/06 | Revise and finalize Complaint, Summons, Certificate of Interest, Civil Cover Sheet; assembly of full Complaint with exhibits; Email to U.S. District Court for opening of new case. | 1.00 |

**TOTAL HOURS 5.60 X $90.00 PER HOUR**     **$504.00**
**TOTAL HOURS 1.30 X $185.00 PER HOUR**     **$240.50**

| Date | Description | Amount |
|---|---|---|
| 10/01/04 | U.S. District Court – Filing Fee | $150.00 |
| 10/01/04 | Will County Sheriff – Service Fee | 50.00 |

| | | |
|---|---|---|
| 11/03/04 | Will County Sheriff – Service Fee – Alias Summons | $50.00 |
| 05/06/06 | U.S. District Court – Filing Fee | $350.00 |
| 05/06/06 | Will County Sheriff – Service Fee | $50.00 |

**TOTAL COSTS AND FEES** $2,245.00

FURTHER THIS AFFIANT SAYETH NAUGHT.

                                            s/ James P. Moody
                                            JAMES P. MOODY
                                            **CAVANAGH & O'HARA**
                                            407 East Adams
                                            P. O. Box 5043
                                            Springfield, IL 62705
                                            Telephone (217) 544-1771
                                            Fax (217) 544-9894
                                            jim@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this 18th day of May, 2006.

                                      _[signature redacted]_
                                      Notary Public

F:\files\RAILROAD\Alpine Landscape\A-Alpine.FEE.2.wpd

"OFFICIAL SEAL"
PATRICIA J. ROBINSON
Notary Public, State of Illinois
My Commission Expires Feb. 16, 2010

4